# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KAREN YOUNG,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

Case No. 06-11821
Hon. Gerald E. Rosen
Magistrate Judge R. Steven Whalen

## OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 31, 2010

PRESENT: Honorable Gerald E. Rosen
               Chief Judge, United States District Court

## I. INTRODUCTION

This case has returned to this Court following a remand for further administrative proceedings in accordance with the Court's prior March 12, 2004 opinion and order. In its earlier ruling, the Court held that Administrative Law Judge ("ALJ") Alfred H. Varga had "fail[ed] to identify any appropriate, recognized grounds for discounting [Plaintiff Karen Young's] testimony regarding her sharply limited daily activities." (3/12/2004 Op. at 6, Admin. Record at 369.) The Court emphasized that "[a]lthough the ALJ need not credit Plaintiff's testimony in its entirety, he must explain his reasons for discounting

Plaintiff's claimed limitations in her daily activities." (*Id.*)  The Court then concluded:

> If the ALJ determines on remand that Plaintiff's testimony lacks credibility in one or more respects, he should identify with particularity (i) the aspect(s) of Plaintiff's testimony being discounted, and (ii) the grounds relied upon in making this assessment (*e.g.,* inconsistency with specific evidence in the medical record, or with another aspect of Plaintiff's testimony).

(*Id.* at 6-7, Admin. Record at 369-70.)

Upon remand, the ALJ conducted a brief hearing, at which he asked Plaintiff just two questions. (*See* Admin. Record at 395.)  The ALJ then issued a seven-page decision, determining that Plaintiff's "allegations regarding her limitations are not totally credible," and reaffirming his prior conclusion that Plaintiff was not entitled to disability benefits. (Admin. Record at 334-40.)  Plaintiff again sought judicial review, and the parties filed cross-motions for summary judgment.  In a Report and Recommendation ("R & R") dated May 21, 2007, Magistrate Judge R. Steven Whalen recommended that the Court deny Plaintiff's motion and grant the Defendant Commissioner of Social Security's motion.  On May 31, 2007, Plaintiff filed objections to the R & R.

In the process of addressing the Magistrate Judge's R & R and Plaintiff's objections, the Court made the unfortunate discovery that Plaintiff's then-counsel, Jane R. Ware, had been representing Plaintiff despite the suspension of her law license for nonpayment of dues, and that this suspension pre-dated the commencement of this suit in April of 2006.  Accordingly, following a status conference with Plaintiff and Defendant's counsel in attendance, the Court issued an April 28, 2009 order directing Plaintiff to

secure substitute counsel. After she did so, the Court issued a May 21, 2009 order inviting the parties to file supplemental cross-motions for summary judgment, and requesting that the Magistrate Judge issue a supplemental R & R addressing these cross-motions.

On September 18, 2009, the Magistrate Judge issued a supplemental R & R, once again recommending that Plaintiff's motion for summary judgment be denied and that Defendant's cross-motion be granted. Plaintiff filed objections to the R & R on September 23, 2009, and Defendant filed a response to Plaintiff's objections on October 7, 2009. For the reasons stated below, the Court finds that the ALJ failed on remand to heed the Court's instructions in its March 12, 2004 opinion regarding deficiencies in the ALJ's initial assessment of Plaintiff's credibility, and the Court therefore remands this matter for further administrative proceedings before a different ALJ.

## II. ANALYSIS

Although Plaintiff has raised a number of objections to the supplemental R & R, her principal contention is that the Magistrate Judge erred in determining that the ALJ's assessment of her credibility was within the permissible "'zone of choice' accorded the administrative fact-finder." (R & R at 18.) In its earlier opinion, the Court observed that this credibility assessment was "crucial" to the ALJ's determination that Plaintiff was ineligible for disability benefits because, as the vocational expert acknowledged at the initial hearing, Plaintiff's testimony, if fully credited, would preclude her from working. (3/12/2004 Op. at 5, Admin. Record at 368.) Yet, the Court found that the ALJ had not

3

"perform[ed] a sufficiently rigorous analysis on this point," and had not "identif[ied] any appropriate, recognized grounds for discounting Plaintiff's testimony regarding her sharply limited daily activities," but instead had "suggest[ed] only generally . . . that the 'objective evidence of record' was inconsistent with Plaintiff's claimed need to rest frequently and limit herself to only one physical activity per day." (*Id.* at 6, Admin. Record at 369.) Accordingly, the Court remanded the case so that the ALJ could "identify with particularity (i) the aspect(s) of Plaintiff's testimony being discounted, and (ii) the grounds relied upon in making this assessment." (*Id.*)

In the supplemental R & R, the Magistrate Judge concludes that the ALJ properly performed this credibility assessment upon remand. In support of this conclusion, the Magistrate Judge cites the ALJ's references to such materials as (i) portions of the record indicating that Plaintiff continued to engage in various forms of physical activity after ceasing work as a school teacher, (ii) statements to her health care providers that she was feeling better and that her medications had relieved her pain, and (iii) test results and medical findings that were indicative of unimpaired short-term memory skills and inconsistent with a claim of disabling depression. (*See* Suppl. R & R at 14, 16-18.) In the Magistrate Judge's view, this record, as recounted in "two single-spaced pages" of the ALJ's latest decision, provides a sufficient basis for upholding the ALJ's credibility findings. (*Id.* at 18.)

The Court does not share this reading of the ALJ's decision. While there likely is

a basis in the record upon which the ALJ *could have* discounted one or more aspects of Plaintiff's testimony, the ALJ's actual explanation for his credibility assessment falls short of the standard set forth in the Court's prior ruling.  Specifically, the ALJ was directed to identify *with particularity* which aspects of Plaintiff's testimony he was discounting and his reasons for doing so.  Instead, however, the ALJ first recounted any and all aspects of the record that could be viewed as indicative of Plaintiff's ability to work or engage in physical activity — comprising the bulk of the two single-spaced pages cited by the Magistrate Judge — and then concluded as follows:

> A conclusion that one is credible is not a "right."  A finding of credibility is something that must be earned in order to be established.  In the instant matter, the claimant has not provided adequate nor sufficient testimony at either hearing to establish her credibility.  To the contrary, the testimony offered was self-serving and without objective medical basis or support in fact.  The undersigned as the "trier of fact," or the one[] who actually listens to the testimony, and by the powers of observation of the claimant's demeanor and appearance, has the "duty," as well as[] the "responsibility" to make certain the determination as to whether the claimant is or is not credible.
>
> The undersigned has observed the claimant's testimony at two hearings.  Based in part on the claimant's demeanor and appearance at the hearings, the undersigned does not (and cannot) find the claimant to be credible or disabled.  Two of the undersigned's senses, those of hearing and sight, tell him that she is not disabled.

(Admin. Record at 339.)[1]

---

[1]The ALJ follows this determination with a passage that the Court views as rather remarkable:

> The undersigned's conclusions as the trier of fact should not be questioned since they are supported by substantial evidence based on the record as a whole.  Substantial evidence means such evidence as a reasonable mind might accept as

In one respect, the ALJ's stated basis for discounting Plaintiff's credibility is surely erroneous, because there clearly is *some* objective medical support in the record for Plaintiff's testimony that she suffered from an impairment that had at least *some* detrimental effect upon her ability to perform daily activities and her capacity to work. Indeed, the ALJ himself recognized as much in his initial decision, finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the symptomatology she has alleged." (Admin. Record at 17.) Likewise, Plaintiff points out that it is not particularly meaningful to discount a claimant's testimony as "self-serving," as all claimants presumably mean to serve their own interests through their testimony at an administrative hearing.

More fundamentally, the ALJ failed to undertake the task set out for him under this Court's prior ruling, and required of him under the pertinent law, *see* Social Security Ruling ("SSR") 96-7p — namely, to make an explicit connection between specific aspects of Plaintiff's testimony and specific grounds for discounting them. While the

---

> adequate to support a conclusion. It is more than a scintilla of evidence but less than a preponderance of evidence. This standard presupposes that there is a "zone of choice" within which the Administrative Law Judge may make a decision without being rever[s]ed. Even if the court might arrive at a different conclusion, an administrative decision must be affirmed if supported by substantial evidence.

(*Id.* at 339 (citations omitted).) Notwithstanding the ALJ's view that his findings of fact "should not be questioned," the Court is duty bound to conduct its own independent inquiry in accordance with the standards that govern reviewing courts (but not the ALJ). Ideally, an ALJ should not be concerned with whether his decision is subject to reversal, but rather whether a claimant's entitlement to benefits has been established under the applicable law and the facts as determined in a particular case.

Magistrate Judge has done a commendable job of "connecting the dots" between portions of Plaintiff's testimony and evidence elsewhere in the record that appears inconsistent with this testimony, it was the ALJ's duty as the trier of fact to identify *his* reasons for discounting this testimony. The Court has great difficulty in finding such reasoning in the ALJ's decision. Because this was the express purpose of the Court's earlier remand, and because this purpose has not yet been achieved, the ALJ's latest decision cannot stand.

There remains only the question of the proper remedy. While Plaintiff suggests that an award of benefits would be appropriate, she acknowledges that this Court can "immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary of HHS,* 17 F.3d 171, 176 (6th Cir. 1994). The question of the proper weight to be given to Plaintiff's testimony has not yet been resolved in accordance with the relevant legal standards, and the R & R amply illustrates that there is evidence in the record that would permit a trier of fact to discount at least some aspects of this testimony. Accordingly, a remand is necessary to resolve this outstanding and essential issue of fact. Moreover, the Court believes that this necessary inquiry would best be undertaken by a different ALJ, where ALJ Varga's latest decision casts doubt upon his ability to review Plaintiff's testimony and assess her credibility with an open mind.[2]

---

[2] In light of the length of time Plaintiff's claim for benefits has been pending — a period which now encompasses two remands and a substitution of counsel — the Court urges the newly assigned ALJ to consider reopening the record on remand and taking a fresh look at all of the available evidence bearing upon Plaintiff's entitlement to benefits.

## III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's September 18, 2009 Supplemental Report and Recommendation is REJECTED. IT IS FURTHER ORDERED that Plaintiff's June 9, 2009 motion for summary judgment (docket #24) is GRANTED IN PART, and that Defendant's July 16, 2009 motion for summary judgment (docket #25) is DENIED.[3]

                            s/Gerald E. Rosen
                            Chief Judge, United States District Court

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2010, by electronic and/or ordinary mail.

                            s/Ruth A. Gunther
                            Case Manager

---

[3] Before leaving this matter, the Court wishes to express its appreciation to Plaintiff's current counsel, Kenneth Laritz, for his willingness to step into a difficult situation left by Plaintiff's prior attorney, and for serving as an effective advocate for a client who was poorly served by her earlier counsel and was in need of quality representation.