UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN YOUNG,

    Plaintiff,                                  Civil Action No. 06-11821

v.                                               District Judge Gerald E. Rosen

MICHAEL J. ASTRUE,                   Magistrate Judge R. Steven Whalen
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's counsel's Petition for Approval of Section 406(b) Attorney Fee [Doc. #33], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the Petition be GRANTED, and that the Court approve attorney fees in the amount of $25,000.00, with credit to Plaintiff in the amount of $4,000.00 already paid in fees under the Equal Access to Justice Act ("EAJA"), for a net amount of $21,000.00.

### I. BACKGROUND

This is a Social Security Disability case brought pursuant to 42 U.S.C. § 405(g). The original complaint was filed on April 17, 2006, by attorney Jane Ware. On May 21, 2007, I issued a Report and Recommendation ("R&R") that Commissioner's motion for summary judgment be granted. However, the Court subsequently learned that attorney Ware's license to practice law had been suspended well before the complaint was filed, and was in fact still suspended. Therefore, the Court gave Plaintiff 60 days to obtain new counsel, and re-referred the case for a supplemental R&R. Plaintiff retained present

-1-

attorney Kenneth Laritz, who filed a supplemental summary judgment motion on June 9, 2009. I filed a supplemental R&R [Doc. #26] on September 18, 2009, again recommending that the Commissioner's motion for summary judgment be granted, and the Plaintiff's motion denied [Doc. #26]. Mr. Laritz filed timely objections [Doc. #27], and on March 31, 2010, Judge Gerald E. Rosen sustained Plaintiff's objections and remanded the case for further administrative proceedings [Doc. #29].

Following proceedings on remand, Plaintiff was awarded past-due benefits in the amount of $281,190.00. Counsel received the Notice of Award on November 1, 2011, and filed the present petition on December 6, 2011. Mr. Laritz had a 25% contingent fee agreement with Plaintiff, and the Commissioner withheld $70,297.50 for attorney fees. Mr. Laritz was also awarded $4,000.00 in attorney fees under the EAJA, 28 U.S.C. § 2412(d)(1)(A).

## II. DISCUSSION

### A. Timeliness of Petition

42 U.S.C. § 406(b) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). While § 406(b) does not explicitly set forth a time limit for a fee petition, and the Sixth Circuit has not definitively addressed the issue of timeliness under that section, other Courts have held that the 14-day period under Fed.R.Civ.P. 54(d)(2)(B) is applicable, with the time to begin running from counsel's notification of the award. *See Walker v. Astrue* 593 F.3d 274, 279 -280 (3rd Cir. 2010); *Bergen v. Taylor,* 454 F.3d 1273, 1277 (11th Cir.2006); *Pierce v. Barnhart,* 440 F.3d 657, 663 (5th Cir.2006).[1] In this

---

[1] The Tenth Circuit uses the more imprecise "reasonable time" standard under Rule 60(b), *see McGraw v. Barnhart,* 450 F.3d 493, 505 (10th Cir.2006).

District, the time for filing a § 406(b) attorney fee petition is governed by E.D. Mich. L.R. 54.2(a), which provides that the attorney "must file and serve a social security fee motion no later than 14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later." However, time limits for attorney fee motions are not jurisdictional, and may be waived by a party or excused on a showing of excusable neglect. *See Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.* 181 F.3d 759, 770 (6th Cir. 1999); *Bergen v. Commissioner, supra.*

In this case, counsel's fee petition was filed approximately three weeks after the 14-day period set forth in the Local Rule. In its brief in response to the petition, the Commissioner "declines to take a position on the effect of the untimeliness of Mr. Laritz's motion, except that the Commissioner does not waive the argument," *Defendant's Response* [Doc. #34], p. 2, but goes on to note, "The argument is not the Commissioner's to waive. Plaintiff herself has not waived the right to object to untimeliness, for waiver is the 'intentional relinquishment or abandonment of a known right.' *United States v. Olano*, 507 U.S. 725, 733 (1993)." *Id.*, fn. 2.

On June 26, 2012, Plaintiff Karen Young, her attorney and counsel for the Commissioner appeared for a hearing on the fee petition. After I fully advised Plaintiff of her right to object to the fee petition, including her right to object on the basis of untimeliness, she waived any objections under oath. I found her waiver to have been knowing, voluntary and intelligent, and free from any outside influence or pressure. Because the Plaintiff, "the only person who has an interest in this matter," *Hale v. Commissioner of Soc. Sec.*, 2011 WL 5920914, *3 (W.D. Mich. 2011), has waived any objection based on untimeliness, this Court may proceed to the merits of the fee petition.

Even apart from the waiver, the Commissioner agrees that despite counsel's

relatively short delay in filing his fee petition, his request can nevertheless be reviewed upon a showing of excusable neglect. *Soberay Machinery, supra,* 181 F.3d at 770 ("[I]t has been found that an untimely motion to review under Rule 54(d) may properly be entertained, in that the time limit is not jurisdictional...."), citing *Winston v. Town Heights Dev., Inc.,* 68 F.R.D. 431, 433 n. 2 (1975) and Moore's Federal Practice ¶ 54.77[9], at 1755 (2d ed.1974). *See Defendant's Response* at 2. Mr. Laritz explained at the hearing that he mailed the fee petition to the Plaintiff one week after receipt of the Notice of Benefits, but that he also underwent surgery during the 14-day period. I am persuaded that he timely notified his client of the award, as well as his fee petition, and that he diligently pursued his request for fees after his surgery. He has therefore shown excusable neglect for the delay in filing.[2]

### B. Reasonableness of the Petition

As is typical in Social Security Disability cases, Plaintiff entered into a 25% contingent fee agreement with her attorney. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002), the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), and subject to judicial review for reasonableness:

> "Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

---

[2] Under *Soberay Machinery*, the standard for permitting a late attorney fee petition is "excusable neglect." If, analogously to an EAJA fee petition, the guiding principle is equitable tolling, this petition should still be granted. Mr. Laritz would be entitled to equitable tolling on a showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010) (internal quotations omitted). Given the short delay occasioned at least in part by his surgery during the 14-day period, he has clearly met that showing.

*Gisbrecht* rejected the lodestar approach as the measure of reasonableness in a § 406(b) fee petition, *id.* at 806, giving primacy to the contingent fee agreement, but testing its reasonableness "based on the character of the representation and the results the representative achieved." In making the reasonableness determination, "the court may require the claimant's attorney to submit not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fees yielded by the fee agreement, a record of the hours spent representing the claimant...." *Id.* *Gisbrecht* suggested situations where an attorney is responsible for unnecessary delay, where representation is substandard, or where the benefits are large in comparison to the amount of time counsel spent on the case, as examples of cases where a 25% contingent fee might unreasonably produce a windfall for the attorney and merit a reduction in fees.

Mr. Laritz has submitted a detailed accounting of the time expended in representing his client, and I find that the time is neither inflated nor unreasonable. His representation of the Plaintiff was of the highest professional caliber, and the results he obtained were excellent. Moreover, his request for $25,000.00 represents only approximately nine percent of the $281,190.00 in back benefits awarded to the Plaintiff, notwithstanding the twenty-five percent contingent fee agreement. This can hardly be considered a windfall for Mr. Laritz.

Accordingly, Mr. Laritz should be awarded fees under § 406(b) in the amount of $25,000.00, offset by the $4,000.00 awarded in EAJA fees, for a net amount of $21,000.00.

### III.  CONCLUSION

For these reasons, I recommend that the Petition for Approval of Section 406(b) Attorney Fee [Doc. #33] be GRANTED, with credit to Plaintiff in the amount of

$4,000.00 already paid in fees under the Equal Access to Justice Act ("EAJA"), for a net amount of $21,000.00. This amount should be paid from the $70,297.50 that was withheld from the award, with the balance ($49,297.50) being paid to Plaintiff Karen Young.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Date: June 27, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 29, 2012.

                                                s/Johnetta M. Curry-Williams
                                                Case Manager